**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT PIKEVILLE**

**CIVIL ACTION NO. 05-264-DLB**

**JOHN A. OWENS**                                                                                                  **PLAINTIFF**

vs.                              **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                               **DEFENDANT**

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

John A. Owens filed an application for Disability Insurance Benefits on May 28, 2003. (Tr. 51A-51D) Plaintiff has an eighth grade education and past work experience as a loader operator in the coal mining industry. (Tr. 263, 273) He alleges he became unable to work on May 6, 2003, due to lower back pain, leg pain, and breathing problems. (Tr. 55) His claim was denied initially and on reconsideration. (Tr. 34-36, 38-40) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on October 13, 2004, in Prestonsburg, Kentucky. (Tr. 258-76) The ALJ found that Plaintiff was not entitled to a Period of Disability or Disability Insurance Benefits by written decision of February 25, 2005. (Tr. 18-24)  The Appeals Council denied Plaintiff's timely request for review. (Tr. 5-8)

On June 20, 2005, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

**A.**     **Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 19, 23)  At Step 2, the ALJ found Plaintiff's obesity, chronic obstructive pulmonary disease, and degenerative joint disease of the lumbar spine to be severe impairments (*Id.*)   At Step 3, the ALJ determined that Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments listed in Appendix 1, Subpart P, Regulation No. 4. (*Id.*)

At Step 4, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to lift/carry twenty pounds occasionally and ten pounds frequently; stand and walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; and occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds.  The ALJ further found that nonexertionally Plaintiff must avoid concentrated exposure to temperature extremes, wetness, humidity, smoke, fumes, pollutants, odors, and irritants. (Tr. 21) Despite this RFC, the ALJ concluded Plaintiff was unable to perform his past relevant work, given the unavoidable exposure to pulmonary irritants. (Tr. 22-23)

Plaintiff's claim therefore proceeded to Step 5 of the sequential analysis.  At Step 5, the ALJ found Plaintiff retained the RFC to perform a significant range of jobs in the light and sedentary exertion categories that exist in the national economy. (Tr. 22-23, 24) Examples of jobs available to Plaintiff of light and sedentary exertion included school bus driver, machine monitor, delivery truck driver, and small parts assembler. (Tr. 22)  This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question taking into account the Plaintiff's age, education, past relevant work

experience, RFC, and work restrictions. (Tr. 273-76) The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (Tr. 23, 24)

**C.    Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ failed to explain why he rejected the opinion of Dr. Jack Kendrick, one of Plaintiff's treating physicians. Plaintiff submits that under the authority of *Shelman v. Heckler*, 821 F.2d 316, 320 (6th Cir. 1987), an ALJ is required to set forth some basis for rejecting a treating physician's opinions. Plaintiff aptly notes that the ALJ considered all medical opinions which reflect judgment about the nature and severity of the impairments and resulting limitations. However, Plaintiff asserts that the ALJ nevertheless did not provide a basis for rejecting this treating physician's recommendation as prescribed in *Shelman*.

Additionally, Plaintiff admits that Dr. Kendrick's opinion is conclusory. However, Plaintiff asserts that the standard set forth in *Shelman* still requires some basis for rejecting Dr. Kendrick's recommendation. In support, Plaintiff relies upon the case of *Jones v. Heckler*, 760 F.2d 993 (9th Cir. 1985). In *Jones*, the court found that the ALJ erred in failing to give a specific, legitimate reason for disregarding the opinion of the Plaintiff's treating physician. 760 F.2d at 997. Plaintiff concludes the ALJ likewise erred in this case for failing to give a specific, legitimate reason for disregarding Dr. Kendrick's opinion.

Plaintiff correctly identifies the "treating physician rule," although there is no need to look to Ninth Circuit authority for its application. Its status was recently emphasized in this Circuit in *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004). But despite this general rule, Plaintiff's contention that a reversible error occurred because the ALJ did not give a basis for rejecting Dr. Kendrick's opinion is misplaced. It is axiomatic

4

that a physician's statement qualify as a "medical opinion" to invoke an analysis per the treating physician opinion rule. Here, Dr. Kendrick's note states: "Pt off from work for indeterminate amount of time 2° to lungs [illegible letters]." (Tr. 83) This note was provided by Plaintiff's counsel to the state division of disability in the process of administrative review and processing of Plaintiff's claim. (Tr. 82) When the state division of disability requested records directly from Dr. Kendrick's office, this note was not included among the records submitted in response. (Tr. 157-75)

Moreover, this August 13, 2003, note is not a formal functional capacity assessment or other formal letter report submitted by Dr. Kendrick to the Social Security Administration on Plaintiff's behalf. It is an off-work note prepared contemporaneously with Plaintiff's office visit to Dr. Kendrick. (Tr. 160) At the next office visit approximately one month later, Dr. Kendrick's notes reflect that Plaintiff was without acute problems and doing well. (Tr. 159) Medical opinions, as defined by the regulations, are statements from physicians or other medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, what the claimant can still do despite impairments, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). This short note does not meet these requirements. It contains a vague diagnosis and comment upon Plaintiff's work ability. Stating that Plaintiff was "off work" does not constitute a "medical opinion" the ALJ was required to accept or reject.

Moreover, Dr. Kendrick's comment that Plaintiff is unable to work, without more, is precisely the type of conclusory statement the regulations point to as an example of an opinion that is not considered a "medical opinion" that must be considered by an ALJ. 20 C.F.R. § 404.1527(e). A treating physician's recommendation is given significant weight

if based upon objective medical findings and not contradicted by substantial evidence to the contrary. *Hardaway v. Secretary of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987). In *Jones*, the treating physician explicitly stated that the plaintiff was unemployable and disabled, which statements were supported by medical evidence. *Jones*, 760 F.2d at 997.

Unlike *Jones*, Dr. Kendrick made a vague, conclusory statement. To interpret Dr. Kendrick's recommendation about the Plaintiff's ability to work at that particular point in time as opining Plaintiff has a permanent inability to work at any gainful employment would be inappropriate speculation. Such conjecture is not stated in the doctor's note, nor supported by detailed objective criteria and documentation. Therefore the ALJ was not bound by this note. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001).

Furthermore, Plaintiff's argument is unpersuasive because the ALJ's decision is not inconsistent with Dr. Kendrick's recommendation. The ALJ must "set forth some basis for *rejecting* a treating physician's opinion." *Shelman,* 821 F.2d at 320 (*emphasis added)*. To the extent the note arguably states a "medical opinion" within the regulations, the ALJ did not reject Dr. Kendrick's opinion. Nothing in the record or in the note suggests that the doctor found Mr. Owens to be totally disabled from all employment. The note prescribes that Plaintiff take off work for an indefinite period of time due to lung ailments. (Tr. 83) The ALJ's decision is consistent with this recommendation. The ALJ found that Plaintiff could not perform his past work in the coal mines because of pulmonary irritants, which he should avoid in the future. (Tr. 22) Consequently, he did not, as Plaintiff argues, need to set forth a basis for rejecting the treating physician's opinion. *Shelman*, 821 F.2d at 320.

If Dr. Kendrick's note were viewed as finding Plaintiff completely disabled from all gainful employment, in addition to being unsupported by the doctor's treatment records, such a view would be contrary to the bulk of medical evidence that prescribes mostly environmental limitations. (Tr. 143-44, 149-56, 179-89) Dr. Stauffer, an examining physician, concluded on July 30, 2003, that Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, stand or walk six hours in an eight-hour day, sit six hours in an eight-hour day, and would have difficulty climbing ladders, ropes, and scaffolds. (Tr. 143) Dr. Stauffer also prescribed that Plaintiff avoid moderate exposure to extreme temperatures as wells as moderate exposure to fumes, odors, dust, gases, and poor ventilation. (Tr. 144) Two other doctors reviewed the record and concurred with Dr. Stauffer's opinion. (Tr. 140-56, 179-86) Additionally, two other doctors did not impose limitations. (Tr. 193-98, 211-18) Since substantial evidence supports the ALJ's decision, it must be upheld. *Jones v. Commissioner of Social Security*, 336 F. 3d 469, 475 (6th Cir. 2003).

For all the foregoing reasons, the Court concludes that the ALJ's decision is supported by substantial evidence; Plaintiff's argument to the contrary is without merit.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 21st day of June, 2006.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-05-264-OwensMOO.wpd